UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

PHYLLIS SHUPTRINE )
)
      Plaintiff, )
) No.: 1:07-CV-181
v. )
) Chief Judge Curtis L. Collier
MCDOUGAL LITTELL, a division of )
Houghton Mifflin Company, and )
R.R DONNELLEY & SONS COMPANY )
)
      Defendants. )

**MEMORANDUM**

Before the Court is defendant McDougal Littel's ("Defendant") motion for partial judgment on the pleadings (Court File Nos. 24 & 25). The motion seeks to dismiss Count XI of Plaintiff Phyllis Shuptrine's ("Plaintiff") complaint, which alleges fraud, on the grounds the claim is preempted by the Copyright Act, 17 U.S.C. § 301. Plaintiff filed a response (Court File No. 26), to which Defendant filed a reply (Court File No. 28).[1] For the following reasons, the Court will **DENY** Defendant's motion for judgment on the pleadings (Court File No. 24).

**I.    RELEVANT FACTS**

According to Plaintiff's complaint, she holds copyrights to paintings made by her late husband, Hubert Shuptrine ("Shuptrine") (Court File No. 1, ¶ 1). Prior to his death in 2006, Shuptrine held the copyrights, and in exchange for payment granted licenses to print his paintings to Defendant, a textbook publisher, for expressly limited print runs (*id*., ¶¶ 3 & 8-17). However,

---

[1]Codefendant R.R. Donnelley & Sons is not named in Count XI, and it has not filed anything related to this motion.

Plaintiff alleges those limits were misrepresentations by Defendant intended to obtain access to the paintings at a lower cost than had it been honest with Shuptrine (*id.*, ¶¶ 17-19). Plaintiff alleges that at the time of the licensing agreements, Defendant knew its actual use would greatly exceed the number of copies it agreed to make (*id.*, ¶ 18). For instance, Plaintiff states Defendant requested a license to print 40,000 copies of a painting in a textbook, even though it knew at the time it would need to print hundreds of thousands copies, and it eventually printed over 1.2 million copies (*id.*). By licensing copyrighted work for low numbers of reproductions while allegedly surreptitiously making far more copies, Defendant lulled Shuptrine into a false sense of trust, giving no reason to suspect it was making excessive copies (*id.*, ¶ 22). Shuptrine set the reproduction fee based on Defendant's representations as to how many copies it would make, and discovered the excessive copying fortuitously (*id.*, ¶¶ 23-24).

The first ten counts of Plaintiff's complaint allege copyright infringement against Defendant (*id.*, ¶¶ 26-55). Count XI alleges Defendant committed fraud in violation of Tennessee common law (*id.*, ¶¶ 56-58). Plaintiff seeks an injunction, actual damages, statutory damages, punitive damages, attorney's fees and court costs (*id.*, pp. 11-12). Defendant's motion seeks to dismiss the fraud count on the grounds it is preempted by the Copyright Act. Defendant also seeks to bar Plaintiff's claim for punitive damages on the grounds they are not permitted by the Copyright Act.

## II.  STANDARD OF REVIEW

Defendant moved for partial judgment on the pleadings under Fed. R. Civ. P. 12(c). A court considers a motion under Rule 12(c) using the same standard of review as a Rule 12(b)(6) motion. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, L.L.C,* 477 F.3d 383, 389 (6th Cir. 2007).

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (May 21, 2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are not sufficient. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. DISCUSSION

Count XI of Plaintiff's complaint alleges Defendant committed fraud. Defendant contends the fraud count is preempted by the Copyright Act because the fraud and copyright claims rest on the same fundamental allegations that Defendant copied and distributed Shuptrine's paintings beyond the limitations in the license agreements. Plaintiff contends the fraud count is not preempted because Defendant misrepresented to Shuptrine the number of copies it would make with the intention of obtaining the paintings at a lower price.

The Copyright Act protects the rights of copyright owners for their work. *Stromback v. New*

*Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (citing 17 U.S.C. § 106). At issue here is whether the Copyright Act preempts Plaintiff's fraud claim. The Copyright Act states:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301. The Copyright Act does not preempt state laws respecting "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright." § 301(b)(3).

The Sixth Circuit has held there are two requirements for state law claims to be preempted under § 301. "First, the work must come within the scope of the subject matter of copyright . . . Second, the rights granted under state law must be equivalent to any of the exclusive rights within the scope of federal copyright protection." *Stromback*, 384 F.3d at 300 (internal quotation marks and citations omitted). The parties agree the paintings at issue here are within the subject matter of copyright. They dispute the second element, which is known as the equivalency requirement.

The equivalency requirement requires the Court to apply "'a functional test' to determine whether the state law right at issue is equivalent to any of the exclusive rights under Section 106 of the Copyright Act." *Id.* at 301. Under the functional test, a state law claim is not preempted by the Copyright Act if the state law claim contains an extra element, which is not illusory, and provided the extra element changes the nature of the action so that it is qualitatively different from a copyright infringement claim. *Ritchie v. Williams*, 395 F.3d 283, 288 (6th Cir. 2005); *Stromback*, 384 F.3d at 301; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 456 (6th Cir. 2001). To determine whether a claim is qualitatively different, "courts generally examine both the elements of the state law cause

4

of action and the way the plaintiff has actually pled that cause of action." *Stromback*, 384 F.3d at 304-05.

As the Sixth Circuit has noted, the application of this test poses "difficulty," and some courts and commentators have criticized the test as circular. *Ritchie*, 395 F.3d at 288 n.3 (6th Cir. 2005).[2] From the parties' well-written briefs, it is apparent that there is no uniform rule as to whether fraud claims are preempted by the Copyright Act.

The functional test requires the Court to look at the elements of the claims. Copyright infringement requires a plaintiff to prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Stromback*, 384 F.3d at 293 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). A claim for common-law fraud exists "When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him." *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001). "The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury." *Id.* at 66-67. By requiring misrepresentation of a material fact, knowledge of falsity, fraudulent intent, and reliance on a misrepresentation, fraud has extra elements that are not illusory. That these are different offenses is supported by the legislative history of the Copyright Act. *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989) (citing

---

[2]*See also* Amy J. Everhart, *Ritchie V. Williams and the Complete Preemption Doctrine in Copyright: The new federal/state debate*, 42 Tenn. B.J. 18 (2006) (noting the "test has spawned multiple shades of grey"); Elizabeth Helmer, *The Ever-Expanding Complete Preemption Doctrine and the Copyright Act: Is This What Congress Really Wanted?*, 7 N.C. J.L. & Tech. 205, 210 (2005) (noting that the test "has caused confusion among lower courts").

5

H.R.Rep. No. 94-1476, 94th Cong., 2d Sess. 132, reprinted in 1976 U.S.Code Cong. & Admin.News 5659, 5748 ("The general laws of defamation and fraud, would remain unaffected as long as the causes of action contain elements . . . that are different in kind from copyright infringement.")).

The functional test also requires that Plaintiff's fraud claim be qualitatively different from her copyright infringement claims, and it is. It helps to "review the facts as pled by the plaintiff in order to determine whether the acts giving rise to the state law claim are merely acts of copyright infringement." *Id.* Assuming the truth of Plaintiff's allegations, Defendant did not merely infringe Plaintiff's copyrights. Rather, she contends Defendant obtained the right to make copies of Shuptrine's paintings under fraudulent pretenses, by knowingly misrepresenting how many copies it intended to make for the purpose of obtaining the copies at a lower cost and decreasing the likelihood Plaintiff would discover the copyright violations.

Defendant argues Plaintiff's fraud claim mischaracterizes its actions. Defendant analogizes the situation to "a customer's purchase of three pairs of blue jeans while intending to steal a fourth pair the next day," which is not fraud. But the analogy is imprecise. In a more accurate representation of Plaintiff's allegations, the customer would agree with the seller to buy three pairs of jeans for a certain price while knowing that he would have to pay a significantly higher price for the ten pairs he intends to, and does, take. But even that analogy does not fully explain the alleged fraud. A store owner conducting inventory would notice missing blue jeans, but a trusting copyright holder cannot easily notice that a licensee misrepresented how many copies it would make of copyrighted work. The infringing activity is obscured from view by the fraudulent act of a knowing misrepresentation.

Defendant contends the Sixth Circuit's decision in *Ritchie* governs this case, in that a claim

6

for misrepresentation was preempted by the Copyright Act, but *Ritchie* is not directly on point and its sparse analysis is not especially helpful. In *Ritchie*, the singer-songwriter known as Kid Rock was sued by claimants who alleged Kid Rock "licensed the songs he had written to others in violation of the copyrights and the performance and distribution rights of the [claimants]." *Id.* at 285-287. The Court determined the claimants' contract claims and tort claims, including a claim for misrepresentation, were preempted by the Copyright Act because they were equivalent to infringement claims. *Id.* at 287 & 289. Although the Court held the contract claims had no "meaningful 'extra element,'" it did not explain how it reached that conclusion, nor did it offer any explanation for why the tort claims were also preempted. The Court nevertheless determined all the state law claims "basically assert" infringement, and are therefore properly recharacterized as copyright claims. *Id.* The Court lumped all the claims together without individual analysis, and instead focused on a general characterization of the facts as being equivalent to copyright infringement. Although Defendant contends *Ritchie* governs, the analysis in *Ritchie* is too barren to draw the conclusion Defendant seeks, and the instant case is distinguishable from *Ritchie* in that Plaintiff's fraud claim asserts more than just infringement.

The claimants in *Ritchie* had brought their claims under state law because the statute of limitations had already run on their copyright claim. The Court's determination that those state-law claims were really copyright claims is in line with other courts that have preempted fraud claims "based on a finding that the plaintiff was pleading a straight copyright infringement claim in state law clothes." William F. Patry, 5 Patry on Copyright § 18:37 (2007). Otherwise, when "fraud is stated as an independent claim, courts consider misrepresentation to be the element that distinguishes fraud from copyright infringement." *Id.*; *see also* Melville B. Nimmer & David

7

Nimmer, 1-1 Nimmer on Copyright § 1.01[B][1][e] (2007) ("there is no pre-emption of the state law of fraud").

The Sixth Circuit performed more thorough preemption analyses in *Wrench* and *Stromback*. In *Wrench*, the Sixth Circuit held a state law contract claim was not preempted because it contained an extra element, the promise to pay. 256 F.3d at 456. "It is not the use of the work alone but the failure to pay for it that violates the contract and gives rise to the right to recover damages." *Id.* The extra element changed the nature of the action to make it qualitatively different by requiring proof of an enforceable promise and a breach thereof. *Id.* In *Stromback*, the Sixth Circuit held a claim for commercial misappropriation was preempted because it essentially alleged the defendant copied his copyrighted work. 384 F.3d at 302. The Court noted a confidential or fiduciary relationship will allow a misappropriation claims to survive preemption. *Id.* That confidential relationship exists in claims for misappropriation of trade secrets, which allows those claims to survive preemption. *Id.* at 303.

Defendant contends Plaintiff's claims are about only the exclusive rights to copy and distribute the paintings. Assuming Defendant printed copies in excess of the licenses, it "should have taken out a broader license, and, as a result, should pay for allegedly unauthorized copies which exceeded the numbers stated in the licenses." (Court File No. 25, p. 10). Defendant further argues, "Plaintiff's fraud claim is nothing more than a claim for intentional infringement, which damaged Plaintiff to the extent of what the license fee would have been for the unlicensed copies." (*Id.*). The Court disagrees. Defendant entered into a relationship with Shuptrine allegedly under false pretenses designed to lower the cost of obtaining Shuptrine's paintings. Plaintiff's fraud allegation is a qualitatively different offense than merely exceeding the licensing agreement.

8

There is parallel litigation in other courts over allegations Defendant fraudulently obtained licensing agreements from other copyright holders with the knowledge it would infringe the copyrights. In one of those cases, a district court recently considered the same issue as here, with essentially the same fact pattern, and ruled for Defendant. *Semerdjian v. McDougal Littell*, No. 07 Civ. 7496, 2008 WL 110942, 2008 U.S. Dist. LEXIS 662 (S.D.N.Y. Jan. 2, 2008). That court held the plaintiff's fraud claim was preempted because a fraud claim could not exist without damages, and damages existed only because Defendant allegedly committed copyright infringement. *Id.* at *3. The court never discussed the standard for determining preemption. It decided the fraud claim was preempted because an essential element of fraud (damages) would not have occurred if not for the copyright infringement. Applying the equivalency requirement's functional test, this Court respectfully reaches a different conclusion. Although damages are an essential element of both claims, the test is not whether an element overlaps but whether there is an extra element that changes the nature of the action so it is qualitatively different. Even though the alleged fraud in this case could not have existed without the alleged copyright infringement, the fraud accusation is more than just copyright infringement. It meets the Sixth Circuit's test, and is therefore not preempted.

Defendant also moves for dismissal of Plaintiff's punitive damages claim since punitive damages are barred by the Copyright Act. Because the Court has declined to dismiss Plaintiff's fraud claim, the claim for punitive damages is not barred.

## IV. CONCLUSION

For the foregoing reasons, the Court will **DENY** defendant's motion for partial judgment on the pleadings.

9

An Order shall enter.

    **/s/**
    **CURTIS L. COLLIER**
    **CHIEF UNITED STATES DISTRICT JUDGE**